# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

RECEIVED
NOV 0 8 2010

_JOHN W. FRYER_
(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

~~IF THE PLAINTIFF IS A PRISONER~~ ~~PRISONER #~~

1:10 CV 778

J. DLOTT / MJ. Litkovit

VS.

_CITIFINANCIAL, INC.,_
(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

_LVNV FUNDING, LLC, d/b/a RESUGENT_
_CAPITAL SERVICES, d/b/a ALEGEIS GROUP, LLC, AKA/_
_SHERMAN ACQUISTIONs, AKA/ VENTUS CAPITAL ~~SERVICES~~_
_SERVIES_

### COMPLAINT

I.    PARTIES TO THE ACTION:

PLAINTIFF:    PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE
ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY
CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE
NUMBER IS REQUIRED.

_JOHN W. FRYER_
NAME - FULL NAME PLEASE - PRINT

_10607 CINDERELLA DR._
ADDRESS: STREET, CITY, STATE AND ZIP CODE

_MONTGOMERY, OHIO 45242-4910_

_(513) 477-5533_
TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER
SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES,
ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE
WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED
AT THE TIME OF FILING THIS COMPLAINT.

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

A.   HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES ( ) NO (●)

B.   IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

1.   PARTIES TO THIS PREVIOUS LAWSUIT

PLAINTIFFS:

_____

_____

_____

DEFENDANTS:

_____

_____

_____

2.   COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)

_____

3.   DOCKET NUMBER

_____

4.   NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

_____

5.   DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

_____

6.   APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

_____

7.   APPROXIMATE DATE OF THE DISPOSITION

_____

PLACE OF PRESENT CONFINEMENT

A.   IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION?
     YES ( ) NO ( )

B.   DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE
     PRISONER GRIEVANCE PROCEDURE? YES ( ) NO ( )

C.   IF YOUR ANSWER IS YES:

     1.   WHAT STEPS DID YOU TAKE?

          _____

          _____

          _____

     2.   WHAT WAS THE RESULT?

          _____

          _____

          _____

D.   IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.

          _____

          _____

          _____

E.   IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID
     YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

F.   IF YOUR ANSWER IS YES:

     1.   WHAT STEPS DID YOU TAKE?

          _____

          _____

          _____

     2.   WHAT WAS THE RESULT?

          _____

          _____

          _____

DEFENDANTS:

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON
THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT
APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. CITYFINANCIAL, Inc.; 1300 EAST 9th
   NAMES - FULL NAME PLEASE

   STREET· CLEVELAND, OHIO 44114
   ADDRESS - STREET, CITY, STATE AND ZIP CODE

2. LYNV FUNDING, LLC, d/b/a RESUGENT
   CAPITAL SERVICES, d/b/a ALEGEIS GROUP,

3. LLC, AKA/ SHERMAN ACQUISTIONS, AKA/
   VENTUS CAPITAL SERVICES;

4. 15 SOUTH MAIN STREET,
   SUITE 600

5. GREENVILLE, S.C. 29601

6.

IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.

**STATEMENT OF CLAIM**

PLEASE WRITE AS BRIEFLY AS POSSIBLE THE FACTS OF YOUR CASE. DESCRIBE HOW EACH DEFENDANT IS INVOLVED. INCLUDE THE NAME OF ALL PERSONS INVOLVED. GIVE DATES AND PLACES.

DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.

IF YOU HAVE A NUMBER OF DIFFERENT CLAIMS; PLEASE NUMBER AND SET FORTH EACH CLAIM IN A SEPARATE PARAGRAPH. USE AS MUCH SPACE AS YOU NEED. YOU ARE NOT LIMITED TO THE PAPERS WE GIVE YOU. ATTACH EXTRA SHEETS THAT DEAL WITH YOUR STATEMENT CLAIM IMMEDIATELY BEHIND THIS PIECE OF PAPER.

PLAINTIFF'S STATEMENT OF CLAIM, RELIEF SOUGHT AND FIFTEEN (15) EXHIBITS, SEVERAL WITH MANY PAGES ALONG WITH PLAINTIFF'S "DECLARATION-EXHIBIT 1" IS ATTACHED AND IDENTIFIED AS "PLAINTIFF'S ORIGINAL COMPLAINT and JURY DEMAND"

**RELIEF**

IN THIS SECTION PLEASE STATE (WRITE) BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT, CITE NO CASES OR STATUTES.

*PLEASE REFER TO ATTACHED PLAINTIFF'S*

*ORIGINAL COMPLAINT, PAGE 4*

SIGNED THIS 8th DAY OF *November* 20 10.

SIGNATURE OF PLAINTIFF

RECEIVED

NOV 0 8 2010

JAMES BONINI, Clerk
CINCINNATI OHIO

### UNITED STATES DISTRICT FOR THE
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT CINCINNATI, OHIO

JOHN W. FRYER                               )(
10607 CINDERELLA DR.                        )(
MONTGOMERY, OH 45242-4910,                  )(
                Plaintiff        )(
                                 )(
vs.                                         )(
                                 )(
CITIFINANCIAL, INC., 1300 EAST 9TH     )(
STREET, CLEVELAND, OH 44114, and            )(
LVNV FUNDING, LLC, d/b/a RESUGENT           )(
CAPITAL SERVICES, d/b/a ALEGEIS             )(
GROUP, LLC, AKA/SHERMAN                     )(
ACQUISTIONS, AKA/VENTUS CAPITAL             )(
SERVICES at 15 SOUTH MAIN STREET,           )(
Suite 600, GREENVILLE, S.C. 29601,          )(
          Defendants', *et al.*   )(

Case No. **1:10CV778**

Judge: J. DLOTT/M.J. LITKOVITZ

PLAINTIFF'S
ORIGINAL
COMPLAINT    and
JURY DEMAND

COMES NOW, JOHN W. FRYER, plaintiff in the above entitled and numbered Case and pursuant to the Federal Rules of Civil Procedure, as adopted by the United States Sixth Circuit Courts of Appeals, files this his Original Complaint as against Defendants', CitiFinancial and LVNV Funding, LLC along with their known Associates. Further, Plaintiff does present the following arguable basis in fact and would show onto this Honorable Court the following, *to wit:*

1.    That this is a case wherein Plaintiff entered into what he was mislead to believe and understand to be a legal and legitimate contract with Defendant CitiFinancial, hereinafter referred to as 1st Defendant, on or about the 14th day of April 2006. However, Plaintiff was deceived and lied to by said 1st Defendant and as such, said contract was fraudulent at its onset and completely null and void.

2.    The contract which Plaintiff signed, on or about the 14th day of April 2006 is a "void" contract and every transaction leading up to and including Plaintiff's signature was void due to Plaintiff's medical condition. That every one of 1st Defendant's agents, at the Blue Ash, Ohio office, were very much aware and cognizant of Plaintiff's medical condition because of the constant delays and said agents constantly asked about Plaintiff's hospitalization. Further, Plaintiff's attached declaration, along with all the attached Exhibits, which are marked as Exhibits 1 thru 15, set forth the entire procedural history in this matter .

3.    That 1st Defendants' having actual knowledge said contract was void and after their agents did commit forgery, did, with the sole purpose of duplicating Pontius Pilate, wash their hands of the MESS by subsequently selling said contract to Defendant, LVNV Funding, LLC, hereinafter referred to as 2nd Defendant. Further, 2nd Defendant being made cognizant said contract was void and that the agents for the 1st Defendant did commit fraud and forgery, has relentlessly harassed Plaintiff to comply with said void contract. That said harassment being in the form of harassing collection letters and their subsequent filing of a law suit against the Plaintiff on September 02, 2009. Said action was filed in the Municipal Court, Hamilton County,

Ohio under case number 09 CV 25755. Pursuant thereto, Plaintiff did file his Answer and Jury Demand along with his Motion for Production of Documents on October 27th and December 23rd, respectively. Attached and marked as Exhibits 12 and 13 are copies of Plaintiff's Answer and Motion for Production.

4.      In addition, Plaintiff did prepare and was ready to file his Complaint and Cross-Action as against both, CitiFinancial and LVNV, Funding LLC when counsel for LVNV filed their Motion to Dismiss, without Prejudice. Attached and marked as Exhibit 14 is a copy of Plaintiff's Complaint and Cross-Action.

5.      Although Plaintiff did strenuously object to said Motion, the court did grant 2nd Defendants' Motion to Dismiss on April 09, 2010. Further, 2nd Defendant continued its relentless harassment of your Plaintiff by having their attorneys send collection letters to the Plaintiff, beginning on April 10, 2010, the day immediately following the dismissal, attached and marked as Exhibit 15 is a copy of said letter.

6.      That Plaintiff notified 1st Defendant of the fraud, forgery and that said contract was in fact void by notifying their home office on 02 June 2006, *via* U.S. Mail C/R/R/R #7006 0810 0004 9751 5300, *see* Exhibits 8 and 9.

7.      That Plaintiff further notified 1st Defendant of said fraud, forgery, that said contract was in fact void and that Plaintiff DID dispute the validity of said debt, when he responded to correspondence from one Mr. Stephen D. Miles, Esq., 18 Wes Monument Ave., Dayton, Ohio 45402 on 07 February 2008, *see* Exhibits 10 and 11.

8.      That Plaintiff notified 2nd Defendant of the fraud, forgery and that said contract was in fact, void by notifying Ms. Jill A. Keck, Esq., Suite 800, 525 Vine Street, Cincinnati, Ohio, 45202 by way of this Plaintiff's answer to their complaint and his Motion for Production of Documents filed on October 21 and December 27, 2009, respectively, *see* Exhibits 12 and 13, noted, *supra*, para., 3.

9.      That the actions of the Defendants', in this matter, violated Section 12109 of the Americans With Disabilities Act of 1990 by placing the Plaintiff under extreme mental anguish, mental duress from the unwarranted harassment by the Defendants' along with their retaliatory actions.

10.     That the Defendants' have continuously demonstrated deliberate indifference to the Plaintiff's constitutional liberty interest rights to be protected from said actions taken by the Defendants and wantonly and delicately ignored and violated this right; further, their actions have in fact, violated Article I, 81,810, and 16 of the Ohio Constitution. *See, Rennie v. Klien* 653 F.2f 836 (1981); and, *Bell v. Wolfish* 441 U.S. 520, 560 (1979).

11.     Further, the Plaintiff's rights to substantive due process along with procedural due process have, in fact, been violated by Defendants' failure to attempt to resolve this entire matter in an administrative manner prior to taking the actions which they took which did violate the rights of the Plaintiff under the Fifth and Fourteenth Amendments to the United States Constitution along with Article I Sections 5, 10, and 16. In addition, these are all inalienable rights to which the Plaintiff is and was entitled to as a matter of law. *See, Buck v. Bell* 274 U.S. 200 (1927); and, *Skinner v. Oklahoma* 316 U.S. 535 (1942). Further, your Plaintiff has already

established, as per Exhibits 4 and 5 note in para. 4, *supra.*

12.     At the time the 1st Defendant attempted to say that they entered into a contract with the Plaintiff, said Defendants' DID KNOWINGLY AND DELIBERATELY and with indifference, ignore the fact their agents were completely and totally aware, at the time of the said contract, the Plaintiff was legally and medically incompetent to enter into any contract due to his medical condition. Said Defendant was further aware as to the numerous medications Plaintiff was taking and that said medical condition and medications had a serious impact on the capacity of the Plaintiff to render any legal decision, much less, entering into such a contract. This violated the Independent medical decision making capacity standard for which the Plaintiff had a protected liberty interest. *See*, *Smith v. Organization of Foster Families*, 442 U.S. 600.

13.     That LVNV Funding, Inc. also known by and operating under several different names has a known and documented history of fraud, deceit and harassment all in an attempt to achieve their purposes. LVNV has been in operation since 1998 under a series of different names, all of which have been used to defraud and/or render fraudulent information as against clients to credit reporting firms. Further, the evidence will show and establish that LVNV and it's associate companies have been used as agents for the 1st Defendant and/or that the 1st Defendant sells to the defendant LVNV its debts for collection on a regular basis. Further, said defendant LVNV then uses harassing tactics in an attempt to intimidate the debtors into unnecessary arrangements meant to increase said debt with additional fees thru threats of credit statements which are blatantly false and untrue, or by any other means at their disposal. That LVNV and its known Associates have a lengthy series of documented complaints which have been lodged against them and/or pursued. Further, LVNV and its associates are complicit in their actions with Citifinancial and are thereby jointly and fully responsible for all the actions involved.

## STATEMENT OF THE JURISDICTION OF THE CASE

14.     This court has personal and subject matter jurisdiction.

15.     That pursuant to Federal Rule 82 as conferred by 28 U.S.C.A. Section 1332(a), the Federal Courts have jurisdiction over persons of the various companies involved, *e.g.,* the case at bar.

16.     As set forth by Rule 4 (K)(2) of the Federal Rules of Civil Procedure, this Plaintiff's claims are outside of State Court Jurisdiction.

17.     That since there exists, within this controversy, a diversity of citizenship of the parties the Federal Court has both, [1] Territorial, and [2] Diversity Subject Matter Jurisdiction, pursuant to Art. III of the United States Constitution and 28 U.S.C.A. Sec. 1332(b). *See, Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938); along with, Gasperini v. Center for Humanities, 518 U.S. 415 (1996); and, Wachovia Bank, N.A. v. Schimdt, 546 U.S. 303 (2006).*

18.     Further, the amount in controversy is in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00)DOLLARS.

WHEREFORE, Plaintiff does submit that he reserves the right to amend these pleadings and claims as are needed and necessary during the course of discovery and as required by Rule and Law.

3

Plaintiff further demands a trial by jury as set forth by the Seventh Amendment to the United States Constitution, Article I, Section 5 of the Ohio Constitution and by Rule 38(A) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment as against both Defendants, jointly and severally, in the amount of ONE HUNDRED SIXTY-FIVE THOUSAND and NO/100 ($165,000.00)DOLLARS, together with costs and interest thereon, from date of judgment until settled and paid, at the rate of ten percent (10%) per annum along with all declaratory, injunctive and punitive damages as ordered by this honorable court. In addition, Plaintiff prays for judgment as against CitiFinancial in the amount of ONE MILLION and NO/100 ($1,000,000.00)DOLLARS as punitive damages for their forgery, their continued disregard for the protection of the Plaintiff, especially after being notified of the blatant wrongs committed by their sub-office in Blue Ash, Ohio, and for their continued harassment and deliberate indifference toward this Plaintiff. In addition, Plaintiff prays for judgment as against LVNV Funding, LLC in the amount of TWO MILLION FIVE HUNDRED FIFTHY THOUSAND and NO/100 ($2,550,000)DOLLARS as punitive damages for their deliberate and total disregard for OUR Judicial System as is demonstrated in paragraphs 8 and 9 of Exhibit 2 and paragraphs 3, 4 and 5, *supra;* in addition, as is evident, and demonstrated by them, thru their attorneys, Weltman, Weinberg & Reis Co., L.P.A., para., 3, *supra.*

Respectfully Submitted,

_____

JOHN W. FRYER,  Plaintiff
10607 Cinderella Dr.
Montgomery, OHIO  45242-4910
(513) 477-5533
E-Mail  majorfryer@gmail.com

**UNITED STATES DISTRICT FOR THE**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI, OHIO**

| | | |
|---|---|---|
| JOHN W. FRYER | )( | Case No. |
| 10607 CINDERELLA DR. | )( | |
| MONTGOMERY, OH 45242-4910, | )( | |
| Plaintiff | )( | |
| | )( | |
| vs. | )( | Judge: |
| | )( | |
| CITIFINANCIAL, INC., 1300 EAST 9TH | )( | P L A I N T I F F ' S |
| STREET, CLEVELAND, OH 44114, and | )( | O R I G I N A L |
| LVNV FUNDING, LLC, d/b/a RESUGENT | )( | L I S T    O F |
| CAPITAL SERVICES, d/b/a ALEGEIS | )( | E X H I B I T I S |
| GROUP, LLC, AKA/SHERMAN | )( | |
| ACQUISTIONS, AKA/VENTUS CAPITAL | )( | |
| SERVICES at 15 South Main Street, | )( | |
| Suite 600, GREENVILLE, S.C. 29601, | )( | |
| Defendants' *et al* | )( | |

| EXHIBIT NUMBER | NAME OF EXHIBIT |
|---|---|
| 1 | Declaration of Plaintiff |
| 2 | Defendants' Itemization of Amount Financed |
| 3 | Defendants' Pre-Close Loan Offer Summary |
| 4 | Plaintiff's Documentation of his Medical Stays in the VAMC-Cinn |
| 5=four [4] pgs. | Plaintiff's Medications 2000 thru 2010, from the VAMC |
| 6 | Defendants' Enrollment Authorization |
| 7=two [2] pgs. | Copy of forged check from 1st Defendant |
| 8 | Copy of Plaintiff's letter as sent to home office of 1at Defendant |
| 9 | Copy of Green Card & Certification Receipt as signed by #8, *supra* |
| 10 | Copy of letter from atty. for 1st Defendant |
| 11 | Copy of Plaintiff's response to #10 *supra* |
| 12=three [3] pgs. | Copy of Plaintiff's Ans. To 2nd Defendants' frivolous law suit |
| 13=five [5] pgs. | Copy of Plaintiff's Motion 4 Production, which scared Defendants |
| 14=two [2] pgs. | Copy of Plaintiff's Complaint & Cross-Action  vs. all Defendants', in Civil Court, Hamilton County, OHIO |
| 15=two [2] pgs. | Copy of Harassment Letter from Defendants' attys.  only after civil suit was dismissed |

**UNITED STATES DISTRICT FOR THE**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI, OHIO**

| | | |
|---|---|---|
| JOHN W. FRYER | )( | Case No. 1810CV778 |
| 10607 CINDERELLA DR. | )( | |
| MONTGOMERY, OH 45242-4910, | )( | |
| Plaintiff | )( | |
| | )( | |
| vs. | )( | Judge: |
| | )( | |
| CITIFINANCIAL, INC., 1300 EAST 9TH | )( | DECLARATION |
| STREET, CLEVELAND, OH 44114, and | )( | O F |
| LVNV FUNDING, LLC, d/b/a RESUGENT | )( | P L A I N T I F F , |
| CAPITAL SERVICES, d/b/a ALEGEIS | )( | J O H N |
| GROUP, LLC, AKA/SHERMAN | )( | W. |
| ACQUISTIONS, AKA/VENTUS CAPITAL | )( | F R Y E R |
| SERVICES at 15 SOUTH MAIN STREET, | )( | |
| Suite 600, GREENVILLE, S.C. 29601, | )( | |
| Defendants', *et al*. | | |

I, JOHN W. FRYER, plaintiff, *pro se,* in the above entitled and numbered case, do so declare and state as follows, to *wit:*

1.      That on April 14, 2006, your Plaintiff entered into, what turned out to be a void and fraudulent contract with defendant, CitiFinancial, Inc., for a personal loan in the amount of FOUR THOUSAND ONE HUNDRED NINETY-NINE and 95/100 ($4,199.95)DOLLARS, copy of which is attached as Exhibit 2, along with the Pre-Close Loan Offer Summary which is attached as Exhibit 3.

2.      That during the month of April, 2006, Plaintiff was in the Veterans Administration Medical Center-Cinn., hereinafter referred to as VAMC, for a combined total of thirteen (13) days. Further, Plaintiff was under the influence of Prescription Pain Medications - Narcotics - Mind Altering Drugs, *e.g.:* [1] Oxycodone; [2] Methadone; [3] Acetaminophen/Codeine; and, [4] Morphine, refer to Exhibits 4 and 5 pg., 4, respectively.

3.      That defendant, CitiFinancial, Inc., was able to influence Plaintiff to authorize an Enrollment Authorization wherein his spouse was included at the cost of FIVE HUNDRED NINETY-NINE and 95/100 ($599.95)DOLLARS, copy attached as Exhibit 6. However, at the time in question, the Plaintiff and his spouse were legally separated of which Defendant's agents were made aware of.

4.      That on April 14, 2006, said Defendant purports to have issued a check to the Plaintiff for the amount of TWO THOUSAND FOUR and 97/100 ($2,004.97)DOLLARS of which Plaintiff supposedly did cash. However, Plaintiff had never received any such check and the signature which appears, on its reverse side is not that of the Plaintiff, copy attached as Exhibit 7.

5.      That on June 02, 2006 Plaintiff did send a letter to Defendant's home office, Headquarters, *via,* U.S. Mail C/R/R/R # 7006 0810 0004 9751 5300 advising them of said fraud,

EXHIBIT
1
P92 of 2

by their agents in the Blue Ash, Ohio office, attached as Exhibits 8 and 9 are copies of said letter and of the "green card" bearing their signature, or proof they did receive same respectively.

6.      That at NO time did Plaintiff ever receive any response or inquiry as to his letter, *supra,* until the middle of September 2007, when he received a letter from one Stephen D. Miles, Esquire, attached as Exhibit 10. Plaintiff did respond to said letter on February 07, 2008 wherein Plaintiff notified Mr. Miles of Defendant's fraudulent actions, attached as Exhibit 11 is a copy of Plaintiff's letter.

7.      At sometime thereafter, said Defendant did sell said fraudulent and void note to LVNV Funding, LLC who continued harassing Plaintiff and of whom Plaintiff did advise of said fraudulent and void note; however, all to no avail.

8.      That on September 02, 2009, defendant LVNV Funding, LLC did cause to be filed a law suit as against Plaintiff on the basis of said alleged note with defendant CitiFinancial. On October 27th and December 23rd, Plaintiff did file his Answer and Jury Demand along with his Motion for Production of Documents, attached as Exhibits 12 and 13, respectively, are copies of Plaintiff's Answer and Motion for Production. In addition, Plaintiff   did prepare and was ready to file, with the court, his Complaint and Cross-Action as against both, CitiFinancial and LVNV Funding, LLC; however, before Plaintiff was able to file his Complaint and Cross-Action, counsel for LVNV filed their Motion to Dismiss, without Prejudice. Attached as Exhibit 14 is a copy of Plaintiff's Complaint and Cross-Action.

9.      Although Plaintiff did strenuously object, in opposition, to their Motion to Dismiss, on the 09th of April, 2010 the court did grant their Motion and Dismissed their Action "Without Prejudice". However,  as expected by the Plaintiff, counsel for LVNV resumed their relentless harassment of the Plaintiff by sending one of their collection letters to the Plaintiff on April 10, 2010, the day immediately following the dismissal of their case, copy attached as Exhibit 15.

10.     As is evident herein, Plaintiff is the only one whom made any attempts at resolving this matter, in dispute, and all such attempts fell upon deaf ears. That although Plaintiff related he would file legal action, if forced to, he had no desire to file any such action as against any of the Defendants'; however, said Defendants' left the Plaintiff with no other choice.

In accordance with 28 U.S.C. Section 1746, I declare under penalty of perjury that the above and foregoing is true and correct to the best of my knowledge and belief.

Dated this 4th day of November, 2010                    _____

                                                        JOHN W. FRYER

2

EXHIBIT
1
pg 2 of 2

35-0194

# ITEMIZATION OF AMOUNT FINANCED

| Borrower(s) | Lender | Account Number |
|---|---|---|
| JOHN W FRYER<br>8923 SUMMIT AVE<br>CINCINNATI OH 45242 | CITIFINANCIAL, INC.<br><br>9681 KENWOOD ROAD<br>BLUE ASH OH 45242 | 353425 |
| | | Date of Loan<br>04/14/2006 |

## ITEMIZATION OF AMOUNT FINANCED:$   8,250.42

$ ___2,004.97___ Amount given to you directly (check to you)   $ 250.00 _____ Prepaid finance charge
$ ___NONE___ Amount paid on your prior account
$ ___6,245.45___ Amount paid to others on your behalf (sum of schedules A through C)

### SCHEDULE A: PREMIUMS PAID TO INSURANCE COMPANIES
$ ___NONE___ Credit Life
$ ___NONE___ Credit Disability
$ ___NONE___ Property Insurance
$ ___2035.50___ Automobile Single Interest  (Modified)
$ ___NONE___ _____
$ _____ _____

### SCHEDULE B: PAID TO PUBLIC OFFICIALS
$ ___NONE___ License/title/registration fees
$ ___10.00___ Recording fee
$ _____ Stamps/intangible/transfer tax
$ ___NONE___ Release Fee
$ _____ _____

### SCHEDULE C: PAID TO OTHERS

| AMOUNT | PAYEE NAME | REASON |
|---|---|---|
| 599.95<br>3,600.00 | JOHN W FRYER<br>RUSSELL GRIMM | FIMC<br>FOR MERCEDES |

ANY AMOUNTS LISTED IN SCHEDULE C, PAYABLE AS BROKER FEES, APPLICATION FEE, SETTLEMENT FEE, OVERNIGHT DELIVERY FEE, FLOOD CERTIFICATION FEE, OR TAX SERVICE FEE ARE INCLUDED IN PREPAID FINANCE CHARGE AND NOT IN THE AMOUNT FINANCED.

21232-1.1 6/2003                    Original (Branch)    Copy (Customer)

*EXHIBIT 2*

# PRE-CLOSE LOAN OFFER SUMMARY

Personal Loan (Precompute)

**Application:** JOHN W FRYER      **Date:** 04/14/2006

**Co-Applicant:** _____      **Application #:** 44443

Carefully review the terms of the loan offer set forth below. This is only an offer. Amounts shown assume that the first month's payment is 30 days from loan date. You should review your loan and insurance documents to be certain they are consistent with the terms of this offer and for further detail concerning the terms and conditions of your loan and insurance coverage. Do not rely on any oral statements to change these terms. Obtain all changes in writing before you sign your loan documents.

**Your Total of Payments is**      $ 14,521.80

     **This Amount Includes:**

| | |
|---|---|
| Cash to You | $ 5,605.00 |
| Payments to your Creditors | $ N/A |
| Amount Paid on your Prior Account | $ N/A |
| Fees | $ 10.00 |
| Required Coverage (MASI/ASI) | $ 2,035.50 |
| Optional Products/Membership Plans | $ 599.95 |
| Finance Charge | $ 6,271.35 |

**Annual Percentage Rate**      24.97 %

**Term of Loan**      60 Months

**Monthly Payment**
(Includes cost of optional products purchased)      $ 242.03

**Monthly Payment**
(If no optional products were purchased)      $ 166.99

Applicant(s) acknowledges reviewing this Summary and if signed by more than one applicant, applicants also acknowledge that they applied for a joint account rather than an individual account.

_____    14 April 2006
Signature of Applicant      Date

_____    _____
Signature of Co-Applicant      Date

04/14/2006 16:11:13
21245-3 4/2004

Original(Branch)    Copy(Customer)

EXHIBIT
3

**MAJOR, JOHN W. FRYER, U.S.M.C., U.S.A., Ret.**
10607 Cinderella Dr.
Montgomery, OH 45242-4510
(513) 477-5533
E-majorfryer@gmail.com

Medicals involving above named individual covering 2002 thru 2006, all documented via the medical records kept at the Veterans Administration Medical Center-Cincinnati, Ohio:

VAMC- Cinn:
*Listing the total number of days for each*
*Noted month in ref. MC:*

| | 2002 | 2003 | 2004 | 2005 | 2006 |
|---|---|---|---|---|---|
| January-------------------------------- | 14 | 05 | 03 | 08 | 10 |
| February------------------------------- | 06 | 04 | 02 | 07 | 07 |
| March---------------------------------- | 03 | 01 | 01 | 13 | 05 |
| April----------------------------------- | 07 | 08 | 02 | 10 | 13 |
| May------------------------------------ | 07 | 06 | 05 | 09 | 26 |
| June------------------------------------ | 06 | 04 | 12 | 13 | 30 |
| July------------------------------------ | 09 | 07 | 06 | 06 | 30 |
| August--------------------------------- | 06 | 08 | 07 | 10 | 11 |
| September------------------------------ | 02 | 04 | 04 | 07 | 07 |
| October-------------------------------- | 03 | 04 | 04 | 07 | 07 |
| November------------------------------ | 03 | 03 | 08 | 07 | 31 |
| December------------------------------ | 03 | 03 | 01 | 07 | 24 |
| TOTAL | 76 | 57 | 57 | 118 | 203 |

Surgeries at above Medical Center:     March 14, 2003; April 25, 2003; May 01,2003; August, 02, 2005;October 14, 2005; DOES NOT INCLUDE five [5] superficial surgeries which were performed while in said VAMC during above noted dates.

Signed,


John W. Fryer

EXHIBIT
4

## *MEDICATIONS 2000 THRU 2010*

### *From electronic medical records VAMC-Cincinnati*

### *Printed, July 19, 2010 pages 01 thru 152*

### *The word "pgs." immediately following the medications, notes the corresponding page said medication is listed on*

Acetaminophen,-
pgs.1,4,7,9,111,12,13,15,17,22,26,29,31,34,57,83,93,94,101,115,128,129,137,140,141,143,147,
Acyclovir - pgs103,126, 133, 135, 137, 140,143,144,
Albuterol - pgs. 1, 58, 99, 131,133,135,137
Amytripline -pgs. 103,126,140,143
Amoxicillin - pgs. 8, 10, 45, 47, 64, 65, 77, 133
Artificial tears - 1,2, 8
Aspirin-pgs. 13
Atropine-pgs. 22
Azithromycin-pgs. 18,29,38
Axithromycin - pgs.18, 29, 44, 46, 50, 54, 56, 71, 103, 105, 108, 123
Barium-pgs. 7
Bisacodyl-pgs. 20,57
Butalbital - pgs.10,35
Calcium -pgs. 36,53,56
Celecoxib -pgs. 3,11,128, 130,132, 140,142,144
Clonidine -pgs. 41, 42
Cyclobenzaprine - 38
Diphenhydramine - 36, 40, 51, 56, 68, 71, 116
Diazepam -pgs. 58,62,143
Dextrose -pgs. 60,61
Dicloxacillin - pgs.138
Diphenhydraminz-pgs. 36,40,56,68,71,116,120
Divalproe  -pgs. 45, 45, 48, 51, 53, 55, 63 x 2, 69, 70 x 2, 73, 74, 77, 86, 90, 93, 94, 100, 115
Ducusate-pgs.5, 51,53, 54,55, 56,6366,,69,70,77,86,90,95,96,100,110,117,123
Etodolac -pgs. 19, 79
Fluxetine  -pgs.31,32, 3336,41,,48, 49, 50, 53,62, 70, 73, 110, 112,114,119,125,129, 133,135,140
Gabapentin-pgs. 88,92,,105,108,123,126,132,139,142,144,151
Guaifensen -pgs.64, 111, 137
Haloperidol -pgs.115, 116
Heparin -pgs. 72

EXHIBIT
5
pg 1 of 4

1

Ibuprofen pgs.-29, 39 - 76
Lansoprazole -pgs. 141
Loratadine -pg. 37
Loperamide-pgs. 18,22,63,81,89,90,104,139,147,149,151
Ketorolac-pgs. 14
*Maproxen - pg.38

Methacarbamol-pgs. 11,14,16,23,31,34,40,102,108,123,139,142,144,146,151
Methadone-pgs.42,43,46,48,49,50,52,54,60,61,65-67,71,73-76,78-81,83-85,87-93,98-101,104,107,109-115,118-121,124-1268,13-131,
Meclizine -pgs. 24, 26
med planner -pg. 41
Methourbamol -pg. 143
Moxifloxacin -pg. 28
Naltrexone - 30 x 2
Naproxen-pgs. 1,17,38,95
Neomycin -pg. 47
Nitroglycerin-pgs. 67
Olanzapine -pgs. 55, 86, 91, 100, 115, 118
Omeprazole -pgs. 5, 12, 25 x 3, 28, 32, 44, 46, 56,70,82
Oxazepam -pg. 117
Oxycodone-pgs.      19,40,42-43,47-50,52-53,59,65-67,69,71-77,79-80,83-85,88-93,96,98-103,105-107114,118-122,124-125,127,129-130
Prednisone -pgs. 19, 24, 26
Polyethylene Glycol-pgs. 20,24
Promethazine-pgs. 17,57
Rabeprazole -pgs. 84, 97, 103- 116
Ranitidine HCL-pgs. 68,82,87,104,113,145
Senna Tab-pgs. 70,72
Sennosides -pg. 96
Simethicone-pgs. 15,17
Simvastatine-pgs. 2,6-8,14,21,27,29,32,43,54,70,80
Sulfamethoxazole -pgs. 106, 113
Terbinaafine HCL- pgs. 22
Thiamine -pg. 117
Tramadol-pgs. 3
(Clinic) Triamcinolone - pg.87
Promethazine-pg. 17
Simethicone -pg. 15, 17
(via Injection) Katabolic -pg. 14
Val acyclovir -pg. 13
Varicella Inj.-pg. 4

**_Acetaminophen 300mg/Cpdeome 30mg - one (1) every eight hrs.:_**

EXHIBIT
5
pg 2 of 4

May 30,'00 - Jun 15,'00;  May 30,'00 - June 15,'00;  Aug 25,'00 - Sep 08,'00; Sep 28,'00 - Oct 12,'00;  Oct 12,'00 - Oct 13,'00;  Oct 15,'00 - Dec 20,'00;  Jul 21,'00 - Jan 21,'01; Jan 13,'01 - Jun 28,'01; Nov 25,'01 - Nov 30,'01; May 22,'02 - Nov 22, '02; May 28,'03 - Jun 27,'03; Jul 02,'03 - Aug 01,'03; May 07,'04 - Jun 06,'04;

**325mg** Oct 14,'05 - Oct 24,'05;  **500mg** Jan 19,'06 - Jan 20,'07;  Apr 07,'06 - Apr 08, 2007;  **300mg** Aug 07, 2007 - Sep 06,'07;  Aug 14,'07 - Sep 13,'07;  **500mg** Apr 20,'07 - Apr 20, '08;  Jun 07,'07 - Jun 07,'08; Oct 18,' 07 - Oct 18,'08; Aug 29,'08 - Nov 12,'08;  Dec 24,'08 - Jan 28,'09;  Jan 20,'09 - Feb 19,'09;  Feb 02,'09 - Mar 09,'09;  Apr 15,'08 - Apr 16,'09;  **300mg**  Apr 23,'09 - May 23,'09;  **500mg**  Jun 30,'08 - Jul 01,'09; Aug 29,'08 - Aug 30,'09;  Sep 17,'08 - Sep 18,'09;  **300mg**  Aug 31,'09 - Sep 30,'09; Sep 25,'09 - Oct 25,'09;  Oct 27,'09 - Nov 26,'09;  Jun 01,'09 - Dec 02,'09;  Nov 25,'09 - Dec 25,'09;  **500mg**  Mar 19,'09 - Mar 20,'10;  Nov 25,'09 - Nov 26,'10;  Jun 28,'10 - Jun 29,'11.

### Celecoxib  200mg - one (1) per day:

Jun 08,'00 - Jul 08,'00;  Feb 03,'00 - Feb 03,'01;  Sep 14,'00 - Sep 15,'01;  Feb 13,'01 - Feb 14,'02.

### Cephalexin  500mg  one (1) 3 X's per day:

May 16,'00 - Jun 04,'00;  Oct 14,'01 - Oct 21,'01;  Oct 23,'01 - Oct 30,'01;  May 01,'03 - May 31,'03;  Apr 10,'10 - May 10,'10.

### Fluxetine HCL  10mg  one (1) per day:

Jul 12,'99 - Jul 12,'00;  *two (2) per day* Aug 31,'01 - Sep 30,'01;  *20mg*  Dec 15,'00 - Dec 16,'01;  Jan 25,'01 - Jan 26,'02;  *10ng*  Mar 23,'01 - Mar 24,'02;  Oct 29,'01 - Oct 30,'02

EXHIBIT
5
pg 3 of 4

## *PRESCRIPTION PAIN MEDICATIONS - NARCOTICS - MIND ALTERING DRUGS 2000 thru 2010*

Acetaminophen 300mg/Codeine 30mg
Diclofenac 50mg
Codeine 10/GG
Hydroquinone
Morphine
Tramadol
Methadone
Oxycodone
Vicodine
Tylenol X3 (with codeine)

| DRUG | DOSE | TIME FRAME |
|---|---|---|
| Oxycodone | 5mg | May, '01 thru Nov, '08 |
| Methadone | 5 & 10mg | Dec, '99 thru Jul, '06 |
| Acetaminophen Codeine | 300/500mg 30mg | Aug, '00 thru Nov, '10 |
| Diclofenac | 50mg | Jul 15,'08 thru Aug 14,'08 |
| Hydroquinone Acetaminophen | 5mg 500mg | May, '03 thru Jun, '03; Feb, '07 thru Mar, '07; Jan, '08 thru May, '10 |
| Codeine | 10/gg | Nov, '08 thru Dec, '08 |
| Morphine | | Oct, '01 thru Oct '05 |
| Tramadol | 50mg | May, '10 thru Present |

EXHIBIT
5
pg 4 of 4

**PLEASE TYPE OR PRINT IN BALL POINT PEN**

## ENROLLMENT AUTHORIZATION

No. 353425

| Last Name of Proposed Member | First | Middle | Age | ☐ Male | Name of Plan |
|---|---|---|---|---|---|
| FRYER JOHN W | | | 68 | ☐ Female | ☒ Home & Auto |

| Mailing Address  Street Number or Rural Route | Apt. No. | ☒ Own | ☐ Home Security Plan |
|---|---|---|---|
| 8923 SUMMIT AVE | | ☐ Rent | ☐ Auto Security Plan |

| City | State | Zip Code | Driver's License | |
|---|---|---|---|---|
| CINCINNATI | OH | 45242 | ☐ Yes  ☒ No | ☐ Individual  ☒ Family |

| Telephone No. | Social Security No. | Date of Birth | |
|---|---|---|---|
| (513) 317-4758 | 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 | 01/01/1938 | ☐ 1 Yr. ☐ 2 Yrs. ☒ 3 Yrs. |

| Full Name of Spouse (Family Plan only) | | Age | First Child's Name | Age | Membership Fee |
|---|---|---|---|---|---|
| Tatiana V. Fryer | | 47 | | | $599.95 |

| Second Child's Name | Age | Third Child's Name | Age | Fourth Child's Name | Age | ☐ Renewal Previous Number |
|---|---|---|---|---|---|---|
| | | | | | | |

| Enclose payment and/or fill in charge card number to charge your membership fee or for charging at renewal time. | ☐ MasterCard | ☐ VISA | ☐ Discover Card | ☐ Amex | Card Expiration Date |
|---|---|---|---|---|---|
| | | | | | |

I understand the Plan will be effective 7 days after the date of enrollment upon receipt of payment and is continuous on a yearly basis subject to cancellation by either party, at any time, upon written notice to the other. Renewal fees will be billed or charged to my account automatically during the expiration month in accordance with my payment selection. I desire to purchase the Plan indicated above.

**Enrollment Date:** 04/14/2006  Mo. Day Year

**Proposed Member's Signature**

**Branch complete before submitting** St. OH Co. 2144 Br. 0194 ID #

Representative

**Representative Signature**

HA-739 (Rev. 8/96)

---

## REQUEST & AUTHORIZATION DISCLOSURE STATEMENT

No. 353425

**I AM VOLUNTARILY REQUESTING A MEMBERSHIP PLAN FOR A FEE AND TERM AS DESCRIBED ABOVE.
I UNDERSTAND THAT PURCHASE OF THE PLAN IS NOT REQUIRED IN ORDER TO OBTAIN A LOAN**

from ___CITIFINANCIAL, INC.___ , the Lender,

located at: ___9681 KENWOOD ROAD   BLUE ASH OH 45242___

___. Lender's Phone ___(513) 793-7550___

I understand that I can pay the fee in cash, or by personal check, money order, or credit card, or that I can authorize the Lender or any other creditor to finance the fee. The method of payment does not affect the amount of the fee.

I understand that I will have thirty (30) days from the date I become a member of the Plan to cancel my membership. If I cancel within thirty (30) days from the date I become a member of the Plan, I will receive a full refund or credit, if paid by credit card, of the fee as long as no claim has been paid to me.

I understand that no claims or other membership benefits will be paid to the Lender.

I understand that the company which administers the above described Plan is not affiliated with the Lender. Payment of the fee from credit extended to me by the Lender will not change that relationship. I understand that the Lender does not act as an agent, broker or fiduciary for me in the purchase of the membership plan. However, the Lender, an employee of the Lender or an affiliate of the Lender may realize some benefit from the sale of the membership plan.

**I HAVE READ AND RECEIVED A COPY OF THIS STATEMENT.**

Date ___14 April 2006___  Signature (Proposed Member) ___

HA-739D   **Original (Branch)**   **Copy (Customer)**   1913 (Rev. 4/97)

EXHIBIT L



**cíti**financial

9691 KENWOOD ROAD
BLUE ASH OH 45242-6128

Date 04/14/2006   № 35194   31054

60-160
433

Pay to:   JOHN W FRYER

The
Amount of: TWO THOUSAND FOUR AND 97/100 DOLLARS

Mellon Bank, N.A., Pittsburgh, Pennsylvania

MEMO LPC

By: _____
AUTHORIZED SIGNER

By: _____
AUTHORIZED SIGNER

⑈35194⑈3⑈1054⑈   ⑈04330⑈601⑈   40 2⑈⑈156 7⑈

ORIGINAL DOCUMENT HAS SECURITY FEATURES

TO RIGHT OF ARROW. HOLD BETWEEN THUMB AND FOREFINGER. OR BREATHE ON IT. COLOR WILL DISAPPEAR. THEN REAPPEAR

EXHIBIT
7
Pg 1 of 2



DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

0078    68856

"FEDERAL RESERVE BOARD OF GOVERNORS

EXHIBIT
7
Pg 2 of 2

Major, J.W. Fryer, U.S.A., Ret
10607 Cinderella Dr
Montgomery, OH 45242-4910

EXHIBIT
8

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _N Broughter_   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>CiTi Financial<br>300 SainT Paul Pl.<br>BSP13a<br>BalTimore, MD<br>21202-2120 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7006 0810 0004 9751 5300 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL· RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

7006 0810 0004 9751 5300

| Postage | $ | | |
| Certified Fee | | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here | |
| Restricted Delivery Fee (Endorsement Required) | | | |
| Total Postage & Fees | $ | 06/30/2007 | |

Sent To _CiTi Financial_
Street, Apt. No.; or PO Box No. _300 SainT Paul PL PO BSP13a_
City, State, ZIP+4 _BalTimore, MD 21202-3120_

PS Form 3800, June 2002    See Reverse for Instructions

EXHIBIT
9

**STEPHEN D. MILES**
**ATTORNEY AT LAW**
18 West Monument Avenue
Dayton, OH 45402

(937) 461-1900                                    FAX (937) 461-0444

September 12, 2007

John Fryer
10607 Cinderella Dr.
Cincinnati, Ohio 45242

      RE:   **CitiFinancial - Blue Ash**
              **Account Number: 353425**
              **Balance: $10,772.39**
              **Amt. Past Due: $123.07**

John Fryer:

This account has been listed with our office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute
the validity of this debt or any portion thereof, this office will assume this debt is valid.
If you notify this office in writing within 30 days from receiving this notice, this office
will: obtain verification of the debt or obtain a copy of the judgment (if any) and mail
you a copy of such verification or judgment (if any). If you request this office in writing
within 30 days after receiving this notice, this office will provide you with the name and
address of the original creditor, if different from the current creditor.

This letter is an attempt to collect a debt and any information obtained will be used for
that purpose.

Respectfully,

Stephen D. Miles
Attorney at Law
Ohio Supreme Court #0003716

SDM: lkp.
c file; CitiFinancial - Blue Ash

*EXHIBIT*
*10*

MAJOR, JOHN W. FRYER
U.S.Army, Retired
10607 Cinderella Dr.
Montgomery, OHIO 45242-4910
•(513) 891-1558

07 February 2008

Honorable Stephen D. Miles, Esq.
18 West Monument Ave.
Dayton, OHIO 45402

RE: CitiFinancial - Blue Ash
      Account Number 353425
      Your letter of 27 September 2007

Dear Mr. Miles:

First, I regret the delay in responding to your letter, *supra*; however, most of my time is spent in the Veterans Hospital and delays are a natural part of life for me.

I'm pleased CitiFinancial decided to involve a professional in referenced matter; however, they need to allow you to handle this affair and cease sending me letters, along with telephone calls. Either your handling it or they are themselves, one-or-the-other.

I sent them a letter, *via* C/R/R/R on 02 June 2006 of which you need to review. I believe this matter can be resolved; however, if it can not, I'll be more then happy to settle it in court. However, I doubt CitiFinancial will be happy with the out come. Subsequent to your reviewing said letter and finding out about the "second contract" they told my wife and I that I allegedly signed, please contact me. However, first make sure you're representing them in this matter, because they seem to be confused.

I regret not being able to be of more assistance to you, at this time. In fact, the more I look at this matter the more I tend towards filing suit against them and turning them over to the prosecutor.

Respectfully,

John W. Fryer

*EXHIBIT*
*11*

CITYFIN

# HAMILTON COUNTY MUNICIPAL COURT
# HAMILTON COUNTY, OHIO

LVNV FUNDING LLC )(   Case No. 09CV25755
15 SOUTH MAIN ST. STE. 700 )(
GREENVILLE, SC 29601 )(

         **Plaintiff,** )(

**vs.** )(

JOHN W. FRYER )(   **ANSWER AND JURY**
AKA JOHN FRYER )(   **DEMAND OF JOHN**
10607 CINDERELLA DR. )(   **W. FRYER**
MONTGOMERY, OH 45242-4910 )(

       **Defendant,** )(

## FIRST DEFENSE

1.   Defendant enters his General and Specific Denial to the allegations contained in paragraphs 1, 2, 3, 4, 5 and 6 of Plaintiffs' Complaint.

## SECOND DEFENSE

2.   Any and all allegations not specifically admitted to be true are hereby Generally and Specifically Denied.

## THIRD DEFENSE

3.   There is insufficiency of process as to Defendant.

## FOURTH DEFENSE

4.   There is insufficiency of service of process as to Defendant.

## FIFTH DEFENSE

EXHIBIT
12
pg1 of 3

CITYFIN

5.  Plaintiffs' have failed to state a claim upon which relief can be granted.

### SIXTH DEFENSE

6.  Plaintiffs' have failed to join all necessary parties as required by Rules 19 and 19.1 of the Ohio Rules of Civil Procedure.

### SEVENTH DEFENSE

7.  To the extent that Plaintiffs' have assigned any portion of Plaintiffs' claims to any other person or entity, including subrogated CitiFinancial, Plaintiffs' have failed to bring this action in the real party in interest as required by Rule 17 of the Ohio Rules of Civil Procedure.

### EIGHTH DEFENSE

8.  That the Cause of Action, if any there be , is barred by the Statute of Limitations.

### NINTH DEFENSE

9.  That the Cause of Action, if any there be, is based, in part, on the Criminal Action of either the Plaintiffs' or, the Plaintiff's affiliate CitiFinancial, by the Forgery of this Defendant's name.

### TENTH DEFENSE

10. That the Cause of Action, if any there be, relates to a proposed contract which is of no effect whatsoever and incapable of conformation and/or ratification; therefore, any alleged contract is "VOID", without legal efficacy and incapable of being enforced by law.

### ELEVENTH DEFENSE

11. Defendant reserves the right to Amend this Answer, in order, to assert any other defense, immunity, avoidance, set-off, counterclaim, cross

EXHIBIT
12
pg 2 of 3

claim, or third party claim that becomes available or apparent during the course of discovery or trial.

WHEREFORE, having fully answered, Defendant demands that Plaintiffs' Complaint be dismissed at Plaintiffs' cost.

/s/

JOHN W. FRYER, Defendant Pro-Se
10607 Cinderella Dr.
Montgomery, OHIO 45242-4910
(513) 861-1558

## JURY DEMAND

Defendant demands a trial by a jury of eight (8) persons in the above entitled and numbered cause.

/s/

JOHN W. FRYER, Defendant Pro-Se

## CERTIFICATE OF SERVICE

I do hereby certify that a true and exact copy of the above entitled and foregoing Answer And Jury Demand Of John W. Fryer, has been served upon the following counsel of record by United States Mail Certified Return Receipt Requested #7008 2810 0001 7040 2837, this _____day of October, 2009.

Jill A. Keck, Esq.
Suite 800
525 Vine Street
Cincinnati, OH 45202

/s/

JOHN W. FRYER, Defendant Pro-Se

EXHIBIT
12
pg 3of 3

$C_iT_iF_{in}-1$

# HAMILTON COUNTY MUNICIPAL COURT
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **LVNV FUNDING LLC** | )( | **Case No. 09CV25755** |
| **15 SOUTH MAIN ST. STE. 700** | )( | |
| **GREENVILLE, SC 29601** | )( | |
| **Plaintiff,** | )( | |
| | )( | |
| | )( | **Judge: Melissa A. Powers** |
| **vs.** | )( | |
| | )( | |
| **JOHN W. FRYER** | )( | **DEFENDANT'S MOTION** |
| **AKA JOHN FRYER** | )( | **FOR      PRODUCTION** |
| **10607 CINDERELLA DR.** | )( | **OF        DOCUMENTS** |
| **MONTGOMERY, OH 45242-4910** | )( | |
| **Defendant,** | )( | |

Pursuant to the Local Rules of Civil Procedure, as adopted by the Hamilton County Municipal Court, Defendant files this, his First Motion for Production of Documents.

Pursuant to Rule 34 of the Rules of Civil Procedure, to identify each and every document, paper, letter or other form of instrument which the Plaintiff(s) intend to utilize as a basis or grounds for any Claim in this Action and/or which the Plaintiff(s) expect to offer into evidence upon the Trial of this Action/

Pursuant to Rule 34 of the Rules of Civil Procedure, all documents and things relevant to the Pending Action, as such, Defendant requests Plaintiff(s) produce:

## FIRST DOCUMENT

1. Collateral Protection Plan Certificate of Coverage as between Defendant and CitiFinancial, Inc., Certificate Number 353425.

## SECOND DOCUMENT

2. Arbitration Agreement as between Defendant and CitiFinancial, Inc.

*EXHIBIT
13
Pg 1 of 5*

### THIRD DOCUMENT

3.  Optional Credit Insurance as between Defendant and CitiFinancial, Inc.

### FOURTH DOCUMENT

4.  Disclosure Statement, Note and Security Agreement, Account Number 353425, as between Defendant and CitiFinancial, Inc.

### FIFTH DOCUMENT

5.  Enrollment Authorization, Number 353425, as between Defendant and CitiFinancial, Inc.

### SIXTH DOCUMENT

6.  Pre-Close Loan Offer Summary Financial, Application Number 44443.

### SEVENTH DOCUMENT

7.  Itemization Of Amount Financed, Account Number 353425, as between Defendant and CitiFinancial, Inc.

### EIGHT DOCUMENT

8.  Optional Product Choices - Personal Loan, Application Number 44443, as between Defendant and CitiFinancial, Inc.

### NINTH DOCUMENT

9.  Copy of Check No. 35194 31054, dated 04/14/2006 showing Payor to be CitiFinancial of Blue Ash, OHIO and Payee to be Defendant and proof of Endorsement of same.

EXHIBIT
13
Pg 2 of 5

## TENTH DOCUMENT

10. Copies of all correspondence as between CitiFinancial and Stephen D. Miles, Attorney at Law, Dayton, OHIO as regards this Defendant and Plaintiff CitiFinancial, Inc. That such correspondence is relevant to the subject matter and not privileged, not in anticipation of litigation or for Trial and reveals no facts known and/or opinions held by experts.

## ELEVENTH DOCUMENT

11. Copies of all correspondence as between RAB, Inc., Regional Adjustment Bureau and CitiFinancial, Account Number 2009080328346 as regards this Defendant and Plaintiff CitiFinancial, Inc. That such correspondence is relevant to the subject matter and not privileged, not in anticipation of litigation or for Trial and reveals no facts known and/or opinions held by experts.

## TWELVE DOCUMENT

12. Copies of all correspondence as between Northland Group, Inc. and CitiFinancial, Account Number 2009080328346 as regards this Defendant and Plaintiff CitiFinancial, Inc. That such correspondence is relevant to the subject matter and not privileged, not in anticipation of litigation or for Trial and reveals no facts known and/or opinions held by experts.

## THIRTEENTH DOCUMENT

13. Copies of all correspondence as between Resurgent Capital Services and CitiFinancial, Account Number 2009080328346 as regards this Defendant and Plaintiff CitiFinancial, Inc. That such correspondence is relevant to the subject matter and not privileged, not in anticipation of litigation or for Trial and reveals no facts known and/or opinions held by experts.

EXHIBIT
13
pg 3 of 5

## FOURTEENTH DOCUMENT

14.    State the names and addresses of all persons known to the Plaintiff(s) who have personal knowledge of those allegations contained in the Pleadings and/or made the substance of the alleged Contract, the basis of Plaintiff(s) alleged Cause of Action.

## FIFTEENTH DOCUMENT

15.    State the names and addresses of all persons known to the Plaintiff(s) who have any knowledge or information of any of the alleged facts of the case and the basis for this knowledge.

Defendant needs all above information to properly prepare Interrogatories and preparation of Deposition on this case as Defendant intends to file a Cross Action as against CitiFinancial and its employees, etc.

To properly prepare Interrogatories all above documents and information is necessary to state the names and current addresses.

WHEREFORE,  Defendant having filed his Motion for Production Prays this Honorable Court Compel Plaintiff(s) comply with said Motion

JOHN W. FRYER,  Defendant Pro-Se
10607 Cinderella Dr.
Montgomery, OHIO  45242-4910
(513) 861-1558

## CERTIFICATE OF SERVICE

I do hereby certify that a true and exact copy of the above entitled and foregoing Answer And Jury Demand Of John W. Fryer, has been served upon the following counsel of record by United States Mail Certified Return Receipt Requested #7008 2810 0001 7040 2844, this 23 rd day of December, 2009.

Jill A. Keck, Esq.

EXHIBIT
13
Pg 4 of 5

Suite 800
525 Vine Street
Cincinnati, OH 45202

_____
JOHN W. FRYER, Defendant Pro-Se

2009 DEC 23 P 1: 14

*EXHIBIT*
*13*
*Pg 5 of 5*

# HAMILTON COUNTY MUNICIPAL COURT
# HAMILTON COUNTY, OHIO

LVNV FUNDING LLC ){  Case No. 09CV25755
){
){
Plaintiff, ){
){
){  Judge: Melissa A. Powers
vs. ){
){
JOHN W. FRYER ){  **DEFENDANT'S COMPLAINT**
){  **AND CROSS-ACTION AS**
){  **AGAINST LVNV FUNDING,**
){  **LLC AND CITIFINANCIAL,**
Defendant, ){  **INC.**

Pursuant to the Local Rules of Civil Procedure, as adopted by the Hamilton County Municipal Court, Defendant files this, his Original Cross-Action as against Plaintiff and Plaintiff's client CitiFinancial, Inc.

1.      That the alleged contract entered into as between Cross-Plaintiff, John W. Fryer and Cross-Defendant CitiFinancial, Inc. was fraudulently entered into by Cross-Plaintiff, is completely null and void, all to the detriment of Cross-Plaintiff.

2.      That the alleged actions on the part of Cross-Defendant CitiFinancial were with wanton deception and trickery all to the detriment of Cross-Plaintiff.

3.      That at the time of said alleged contract, Cross-Plaintiff was medically incapacity all to the knowledge of Cross-Defendant CitiFinancial.

4.      That Cross-Defendant CitiFinancial utilized and exploited Cross-Plaintiff's medical incapacity to their personal and illegal gain.

5.      That Cross-Defendant, CitiFinancial signed Cross-Plaintiff's name to a check, without the consent nor permission of Cross-Plaintiff in the amount of TWO THOUSAND FOUR and 97/100($2,004.97)DOLLARS, all to the detriment of Cross-Plaintiff.

6.      That Cross-Defendant, LVNV Funding LLC was made aware of said Forgery yet continued to harass Cross-Plaintiff. In fact, said Cross-Defendant, LVNV did initiate the Original Cause of Action to recover monies which said Cross-Defendant knew and were illegal gained by, its partner in crime Cross-Defendant, CitiFinancial, all to the detriment of Cross-Plaintiff.

CITYFIN-CrAcT,

EXHIBIT
14
Pg 1 of 2

7.    That Cross-Plaintiff has been damaged in the real amount of ONE THOUSAND SIX HUNDRED NINETY-TWO and 03/100($1,692.03)DOLLARS plus the amount of TWO THOUSAND FOUR and 97/100($2,004.97)DOLLARS and undue harassment in the amount of FORTY THOUSAND and NO/100($40,000.00)DOLLARS.

FURTHER, Cross-Plaintiff reserves the right to Amend his Pleadings.

WHEREFORE, premises considered, Cross-Plaintiff prays for Judgment as against both Cross-Defendants, jointly and severely in the amount of FORTY-THREE THOUSAND THREE HUNDRED EIGHTY-FOUR and 06/100($40,384.06)DOLLARS, together with interest at the rate of 10.00% per annum along with Costs of Court until payment is made in TOTO.

JOHN W. FRYER,  Cross-Plaintiff Pro-Se
10607 Cinderella Dr.
Montgomery, OHIO  45242-4910
(513) 861-1558

## CERTIFICATE OF SERVICE

I do hereby certify that a true and exact copy of the above entitled and foregoing Defendant's Complaint and Cross-Action as against LVNV Funding, LLC and CITIFINANCIAL, INC., has been served upon the following counsel of record by United States Mail Certified Return Receipt Requested #7009 2820 0003 3922 0643, this _____day of March, 2010.

Jill A. Keck, Esq.
Suite 800
525 Vine Street
Cincinnati, OH  45202

JOHN W. FRYER,  Defendant Pro-Se
10607 Cinderella Dr.
Montgomery, OHIO  45242-4910
(513) 861-1558

EXHIBIT
14
pg 2 of 2

# WELTMAN, WEINBERG & REIS CO., L.P.A.

323 W. LAKESIDE, STE 200
CLEVELAND, OH 44113-1009
(216) 739-5080    (800) 334-0257
MON-THURS 8AM-9PM, FRI 8AM-5PM, & SAT 8AM-12PM EST

April 10, 2010

JOHN W FRYER
10607 CINDERELLA DR
CINCINNATI OH 45242-4910

RE:  LVNV FUNDING LLC
     Original Creditor - CITIFINANCIAL INC.
     Account No.: 348106184
     WWR No.: 7491004
     Balance Due as of April 10, 2010: $8,235.92

Dear JOHN W FRYER:

Please be advised that the current balance due and owing on this matter as of the date of this letter is listed above.
Should you have any questions please feel free to contact our office to discuss this account. Thank you for your
attention to this matter.

This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be
used for that purpose.

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.

44ONWELT01192

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope***

---

WWR No.: 7491004
Balance Due as of April 10, 2010: $8,235.92

323 W. Lakeside, Ste 200
CLEVELAND, OH 44113-1009
ADDRESS SERVICE REQUESTED

April 10, 2010

JIK/192/10776402/0740-192      318667983
JOHN W FRYER
10607 Cinderella Dr
Cincinnati OH 45242-4910

WELTMAN, WEINBERG & REIS CO., L.P.A.
P.O. Box 6597
Cleveland, OH 44101-1597

JIK/192/107764   EXHIBIT
15
PY 1 of 2

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the 'Sherman Companies'). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Anson Street LLC | Granite Asset Management LLC | SFG REO, LLC |
| Ascent Card Services II LLC | Limestone Asset Management LLC | Sherman Acquisition II Limited Partnership |
| Ascent Card Services, LLC | LVNV Funding, LLC | Sherman Acquisition L.L.C. |
| Ashley Funding Services LLC | PYOD LLC | Sherman Acquisition Limited Partnership |
| Credit One Bank, N.A. | Resurgent Capital Services L.P. | Sherman Acquisition TA LP |
| Credit One Financial Solutions LLC | Resurgent Capital Services PR LLC | Tradd Street LLC |
| Fieldstone Asset Management LLC | | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as 'collected information'.

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

### Sharing Collected Information with Affiliates and Third Parties

**Sharing with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

### Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.
This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

EXHIBIT
15
P4282