# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOHN W. FRYER,<br>    Plaintiff<br><br>vs<br><br>CITIFINANCIAL, INC., et al.,<br>    Defendants | Case No. 1:10-cv-778<br>Dlott, J.<br>Litkovitz, M.J.<br><br><br>**REPORT AND RECOMMENDATION** |

    Plaintiff, a resident of Cincinnati, Ohio, brings this action against CitiFinancial, Inc. and LVNV Funding, LLC.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff's pro se complaint alleges that on April 14, 2006, he entered into a contract with defendant CitiFinancial, Inc. for a personal loan in the amount of $4,199.95. Plaintiff alleges the

contract is fraudulent, null, and void because he was "legally and mentally incompetent to enter into any contract due to his medical condition" and the numerous medications he was taking. Plaintiff also alleges that defendant CitiFinancial was aware of his medical condition when they entered into the contract. Plaintiff also alleges that a check issued by defendant CitiFinancial to plaintiff as payee in the amount of $2,004.97 was cashed, but that the endorsement on the check is a forgery. Plaintiff states he notified CitiFinancial of the fraud in June 2006, but CitiFinancial failed to respond.

Plaintiff states that the fraudulent note was subsequently sold to defendant LVNV Funding, LLC. Defendant LVNV filed a lawsuit against plaintiff in state court in September 2009 to collect on the debt. Plaintiff states he planned on filing a counterclaim in that lawsuit raising the fraud issues, but the lawsuit was dismissed at defendant LVNV's request before plaintiff had the opportunity to file his counterclaim. Plaintiff alleges that defendant LVNV continues to send him collection letters.

Plaintiff alleges the foregoing actions violate his rights under "Section 12109 of the Americans With Disabilities Act of 1990" and his constitutional rights. He seeks in excess of $4,000,000.00 in damages.

In this case, plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. Plaintiff specifically alleges he is bringing this action under the diversity jurisdiction of the Court. (Complaint, ¶¶15-18). However, his complaint reveals such jurisdiction is lacking.

A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28

U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)). In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is no complete diversity of citizenship in this case. The complaint indicates that both plaintiff and defendant CitiFinancial, Inc. are Ohio citizens. (Complaint at 4). While defendant LVNV Funding, Inc. is purportedly a South Carolina citizen, the presence of an Ohio defendant destroys complete diversity in this case. Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.[1]

To the extent plaintiff's complaint may be construed as invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, the complaint must nevertheless be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff alleges that defendants violated his rights under "Section 12109 of the Americans With Disabilities Act of 1990." (Complaint, ¶9). There is no such section of the Americans With Disabilities Act. *See* 42 U.S.C. §§ 12101 et seq. Nor can the Court discern any plausible claim for disability discrimination under the Act based on the facts alleged by plaintiff.

---

[1] The Court's conclusion that it lacks diversity jurisdiction does not prevent plaintiff from bringing his claims in state court.

Therefore, the complaint fails to state a claim for relief under the Americans With Disabilities Act.

Plaintiff also alleges that defendants violated his constitutional rights. (Complaint, ¶¶10-11). In order to maintain an action under 42 U.S.C. § 1983, which provides a civil remedy for constitutional rights violations, plaintiff must allege that the defendants acted under color of state law and that their conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff's complaint fails to allege facts showing the defendants, who are private entities, acted under color of state law.

A private entity or private individual acting on his own cannot deprive a citizen of his constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149 (1978); *Hudgens v. NLRB*, 424 U.S. 507 (1976)). Section 1983 does not create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Plaintiff's constitutional claims against the defendants must be dismissed because plaintiff alleges no facts whatsoever showing the actions of these private defendants "so approximate state action that they may be fairly attributed to the State." *Lansing,* 202 F.3d at 828 (citation omitted).

To satisfy the "color of state law" prong of Section 1983, plaintiff must allege facts showing that defendants were either 1) acting under the compulsion of the state (state

compulsion test)[2]; 2) engaged in an activity traditionally reserved to the state (public function test); or 3) its activities were sufficiently close and/or controlled by the state that its actions could fairly be attributed to it (nexus test). *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003); *see also Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Plaintiff's complaint fails to allege facts meeting any of the three tests.

      Plaintiff has alleged no facts showing that state law or a state entity significantly encouraged or coerced the defendants' actions such that the defendants may be deemed state actors under the state compulsion test. *See Campbell v. PMI Food Equipment Group, Inc.,* 509 F.3d 776, 784 (6th Cir. 2007) (citing *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982) (finding no state action even though the state provided a significant portion of the funding of a private corporation, because the state did not appoint board members, select personnel, or make decisions for the organization)). Plaintiff has not alleged facts showing the defendants' activities were ones traditionally reserved to the state. *See, e.g., Flagg Bros. v. Brooks,* 436 U.S. 149, 157-58 (1978) (holding elections is public function); *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352-53 (1974) (eminent domain is public function); *Marsh v. Alabama,* 326 U.S. 501, 505-09 (1946) (company-owned town is public function). Nor has plaintiff alleged facts showing the state had a sufficiently close relationship to the defendants as to be a joint participant and/or interdependent with these defendants. *See Campbell,* 509 F.3d at 784 (no state action where government entities did nothing more than authorize and approve a contract that provided tax benefits to defendant). Finally, plaintiff has not alleged facts showing defendants either

---

[2] "The state compulsion test requires that a state 'exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'" *Lansing v. City of Memphis*, 202 F.3d 821, 829 (6th Cir. 2000) (citation omitted).

conspired or acted in concert with state officials.  *Cf. Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).  Plaintiff has failed to allege facts suggesting a sufficient intermingling of state involvement with defendants to support a finding of state action.  Therefore, the named defendants cannot be deemed state actors and plaintiff's constitutional claims under 42 U.S.C. § 1983 against these defendants must be dismissed.

The Court cannot discern any other possible federal claim stemming from plaintiff's allegations.  Therefore, plaintiff's allegations do not state a federal constitutional or statutory claim over which this Court might have jurisdiction under 28 U.S.C. § 1331.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and, in the alternative, for failure to state a claim for relief. *Mitchell*, 343 F.3d at 821 n.10.

### IT IS THEREFORE RECOMMENDED:

1. The complaint should be **DISMISSED**.

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*.  Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 11/12/2010            s/Karen L. Litkovitz
                            Karen L. Litkovitz, Magistrate Judge
                            United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN W. FRYER,  
    Plaintiff

vs

CITIFINANCIAL, INC., et al.,  
    Defendants

Case No. 1:10-cv-778  
Dlott, J.  
Litkovitz, M.J.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).